**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3123
_____

KEVIN JOHN WITASICK, SR.,

Appellant

v.

U.S. ATTORNEY TIMOTHY J. HEAPHY; C. PATRICK HOGEBOOM, III, Assistant
United States Attorney; THE UNITED STATES OF AMERICA
_____

On Appeal of an Order of the United States
District Court for the District of New Jersey
(D.N.J. Civil Action No. 1-10-cv-03570)
District Judge:  Honorable Jerome B. Simandle
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 6, 2011
Before:  RENDELL, CHAGARES AND ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 29, 2011)

_____

OPINION
_____

PER CURIAM

        Kevin Witasick, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

Court for the District of New Jersey dismissing his complaint seeking a declaratory

judgment and an order denying his motion for reconsideration.  For the reasons that

follow, we will affirm the judgment of the District Court.

In February 2009, Witasick, an attorney, was found guilty by a jury in the United States District Court for the Western District of Virginia of tax evasion and related charges. In November 2009, after a bench trial, Witasick was found guilty of health care fraud. Witasick was sentenced to an aggregate term of fifteen months' imprisonment on May 18, 2010, and was required to report to prison in sixty days. See United States v. Witasick, W.D. Va. Crim. No. 07-cr-00030.

On July 15, 2010, Witasick, who was residing in New Jersey, filed a complaint in District Court in New Jersey against the United States Attorney for the Western District of Virginia, Timothy Heaphy, Assistant United States Attorney C. Patrick Hogeboom, III, and the United States. Witasick alleged that Heaphy and Hogeboom engaged in prosecutorial misconduct by failing to present exculpatory evidence to the grand jury, which led to a defective indictment in his criminal proceedings. Witasick sought a judgment declaring that the prosecution violated his Fifth Amendment rights and the prosecutors' duties under 28 U.S.C. § 530B, and dismissing his indictment, vacating his convictions, and vacating his sentence. Witasick further sought a temporary restraining order enjoining the Government from incarcerating him.

The District Court concluded that it lacked jurisdiction over Witasick's complaint, explaining that his exclusive remedy to set aside his judgment of conviction was an appeal to the United States Court of Appeals for the Fourth Circuit. The District Court stated that Witasick must pursue a stay of the execution of his sentence pending appeal in

2

the sentencing court, and noted that jurisdiction over a motion to vacate sentence pursuant to 28 U.S.C. § 2255 would also lie in the sentencing court. Finally, the District Court stated that, even if it had jurisdiction over Witasick's complaint, under Heck v. Humphrey, 512 U.S. 477 (1994), he has no civil cause of action until his conviction or sentence is invalidated. Thus, the District Court dismissed the complaint for lack of subject matter jurisdiction and denied the motion for a temporary restraining order. The District Court also denied Witasick's motion for reconsideration. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is plenary. SEC v. Infinity Group Co., 212 F.3d 180, 186 (3d Cir. 2000).

Witasick primarily argues on appeal that the District Court miscontrued his complaint, which he contends seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and does not seek to vacate his sentence pursuant to § 2255, pursue a civil rights claim governed by Heck, or invalidate his judgment of conviction. Witasick asserts that he seeks a declaration as to his statutory and constitutional rights, which, if resolved in his favor, he could then use to set aside his criminal conviction.

Witasick's contention that he is not seeking to invalidate his conviction is contrary to his complaint. Witasick specifically requests a declaratory judgment dismissing his indictment, vacating his convictions, and vacating his sentence. Compl. at 61. As noted by the District Court, based on the procedural posture of his criminal case, the proper avenue to pursue such relief is through an appeal to the United States Court of Appeals for the Fourth Circuit. Witasick is in fact in the process of appealing his convictions in

3

the Fourth Circuit Court of Appeals. He has raised in his appeal the same claim of prosecutorial misconduct that he seeks to pursue in his declaratory judgment complaint. See United States v. Witasick, Fourth Circuit C.A. No. 10-4593, Appellant's Brief. Witasick's appeal is currently pending. Under these circumstances, we find no error in the District Court's dismissal of Witasick's complaint for lack of jurisdiction.

We also note that Witasick's reliance on the Declaratory Judgment Act is misplaced, as the purpose of the Act is to clarify legal relationships before damages have accrued or rights have been violated. Travelers Inc. Co. v. Davis, 490 F.2d 536, 543 (3d Cir. 1974). The Act affords a form of relief where needed; it is not intended to provide a new choice of tribunals. Id. Witasick does not seek declaratory relief for the purpose it is intended. His complaint is an attempt to challenge his criminal conviction.

Witasick also argues on appeal, as he did in his motion for reconsideration of the District Court's order of dismissal, that he raised his claim of prosecutorial misconduct at sentencing and the West Virginia District Court refused to consider it. Although Witasick has raised this claim in his brief to the Fourth Circuit Court of Appeals, he contends that the court will not address it on appeal because the trial court did not consider it. Whether Witasick properly presented his claim to the trial court or on appeal has no bearing on the New Jersey District Court's jurisdiction to entertain his complaint. The District Court correctly stated in denying reconsideration that it lacks jurisdiction over claims seeking, directly or indirectly, to void another federal district court's criminal

4

judgment.[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1]Witasick also contends that the District Court erred in relying on § 2555 and <u>Heck</u> in dismissing his complaint. It light of our conclusion that the District Court lacked jurisdiction over Witasick's complaint, it is unnecessary to address these arguments.